SAMUEL BROWNING *et ux. versus* ALLEN HASKELL

> In an action for use and occupation of a farm, the defendant offered in evidence a lease under seal, and it was proved that he presented it to the plaintiff for her signature, that she refused to sign it because it was not according to the agreement, that he then said he could not come upon the farm unless she signed it, but that if she would sign it he would in two or three days have the lease made out according to the agreement, and that it should make no difference with her, that she then signed it, and that she afterwards demanded of him to make the lease according to the agreement, but that he refused to do so. It was *held*, that this evidence did not prove that the lease was executed on a *condition* ; that it took effect *according to* the terms of it, on being delivered to the defendant ; and that the plaintiff could not avoid it except by showing that it was obtained by fraud.

ASSUMPSIT for the use and occupation of a farm and farming utensils.

At the trial, before *Putnam* J., the plaintiffs called a witness, who testified that the defendant said, at the time that he occupied the premises, that he occupied the same under Lydia, one of the plaintiffs. The defendant then offered in evidence a sealed instrument of lease from Lydia to the defendant, made before her marriage, for a term unexpired at the time when the action was commenced, and called the subscribing witness to prove the execution. The witness testified, that the defend-

ant came to Lydia's house with the writing for her signature; that she said it was not according to agreement and she would not sign it; that thereupon the defendant said he could not come upon the farm unless she signed it, but that if she would sign it, he would bring up a man (Col. Kent) with him, in two or three days, and have the lease made out according to the agreement, and that it should make no difference with her; that she then signed the lease; that the defendant came to her house in two days, when she called upon him to make the lease according as he had agreed, and to get Kent to be his surety, which he refused to do. Upon this evidence the judge. ruled that the execution of the instrument was not proved, except upon a condition which had not been performed. A verdict was found for the plaintiffs, and the defendant moved for a new trial.

*Browning*
*v.*
*Haskell.*

*Gold* and *Harman*, for the defendant.
*Hubbard* and *Briggs*, for the plaintiffs.

*Sept* 16*th.*

WILDE J. delivered the opinion of the Court. On the testimony of the subscribing witness, it was argued by the counsel for the plaintiffs, that the lease was executed on a condition, and that as the condition had not been performed, the lease became invalid. But it is the opinion of the Court, that the evidence does not prove a conditional execution or delivery of the lease. If it had been delivered to a third person, as an escrow, on condition not to take effect until something should be done by the lessee, then the lease could have no operation until the performance of the condition. But a deed takes effect according to the terms of it, on its delivery to the party; and if the deed is absolute and unconditional on the face of it, parol evidence cannot be admitted, to prove that the parties agreed that it should be conditional; for this would be to allow parol evidence to contradict the terms of the deed. In the present case, the parol evidence did not prove any condition, but only that the lessor was induced to sign the lease, on a promise of the lessee which afterwards he refused to perform. He undoubtedly would be responsible, according to the evidence, in an action for the breach of that promise; but it does not avoid the lease, unless it can be shown that the promise was made fraudulently. For on the delivery of the lease by

*May term*
*1840.*

Browning
v.
Haskell.

the lessor to the lessee, the lease would have become absolute, although it were delivered expressly on the condition that it should not take effect until after the performance of some condition by the lessee. *Fairbanks* v. *Metcalf*, 8 Mass. R. 238.

The plaintiffs therefore cannot maintain their action, unless on the ground of the fraud of the defendant in procuring the lease. The case was not left to the jury on that ground ; and a new trial therefore is allowed.

*New trial granted.*